UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 05-30008-MAP
)
RONALD CHARLES )
          Defendant )

FILED
IN CLERK'S OFFICE

2005 OCT -7 P 3: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

## DEFENDANT'S MOTION TO SUPPRESS

Now comes, Ronald Charles, the defendant herein, and respectfully requests that this Court issue an order suppressing all use, for any purpose, of evidence seized or otherwise obtained as a result of the execution of a search warrant for the premises at 86 Alden Street, Springfield, Massachusetts on August 4, 2004.

Defendant asserts said search and seizure was illegal and unreasonable and in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

The defendant states the following as his grounds for this motion;

1. On August 4, 2004, Ronald Charles was a resident of Springfield, Massachusetts, residing at 86 Alden Street.

2. On August 3, 2004, law enforcement officials had applied for, and received, a search warrant issued by the Springfield District Court for that address.

3. In their application for the search warrant, the law enforcement officials averred that there was probable cause to believe that crack cocaine, a Class B substance, was being illegally kept for sale at 86 Alden Street based on information provided to them by a confidential informant (CI), and based on two controlled buys from 86 Alden Street, using the CI. See attached Affidavit of Officer Wadlegger.

4.     Information and details pertaining to the two confidential informant buys were provided in the affidavit in support of the application for the search warrant.

5.     The affidavit in support of application for search warrant was silent as to the facts that would allow the magistrate to conclude the items purchased in the controlled buys were illegal substances, specifically crack cocaine. There was no mention in the affidavit that the items secured in the controlled buys were ever analyzed or field tested for illegal drugs. Absent that information the magistrate had insufficient evidence to conclude there was probable cause that crack cocaine, a class B substance was being illegally kept at 86 Alden Street.

6.     The affidavit presented to the Springfield District Court Clerk Magistrate failed to establish probable cause that the items allegedly purchased by the confidential informant were an illegal "Class B" substance. There was no evidence presented in the affidavit that either a "field test" or a laboratory analysis was performed on the items purchased that would indicate an illegal Class B substance.

7.     There was insufficient probable cause to conclude that evidence of criminal conduct would be found at the location to be searched.

8.     The affidavit in support of the application for search warrant at 86 Alden Street failed to establish probable cause for the issuance of the warrant.

9.     The application and affidavit were insufficient, incomplete and invalid on their face. The application and affidavit set forth mere conclusions of the affiant therein.

10.    The affidavit contained material omissions necessary to the determination of probable cause.

11. The search warrant was illegally and unreasonably issued.

12. The entry and search of the home were not pursuant to a validly issued warrant supported by probable cause.

13. The entry and search of the home were in violation of the "knock-and-announce" requirement of 18 U.S.C. § 3109.

14. Law enforcement officials failed to comply with the "knock-and-announce" statute, 18 U.S.C. § 3109, upon entering the premises, and accordingly the law enforcement official's manner of entry was unlawful. See attached Affidavit of Patricia Charles and Springfield Police Report.

15. Law enforcement official's failure to comply with § 3109 requires exclusion of all evidence obtained as a result of the illegal entry. United States v. Miller, 357 U.S. at 314, 78 S. Ct. at 1198.

WHEREFORE, Defendant moves that all items seized at 86 Alden Street, Springfield, Massachusetts pursuant to the warrant be suppressed from admission into evidence and for use of any kind in this and any other proceeding. In further support of this Motion, Mr. Charles relies on the Affidavit and Memorandum of Law attached hereto and made a part hereof.

Date: October 7, 2005

RESPECTFULLY SUBMITTED,
THE DEFENDANT

Bernard T. O'Connor, Jr
O'CONNOR, MARTINELLI, CULLINAN & PIKULA
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
BBO # 557872

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY HAND ON
10/7/05

Signature

3

# AFFIDAVIT
## In support of application for search warrant
## Trial Court of Massachusetts

12:35 PM                                                                08/04/04

  My name is John F. Wadlegger and I am employed by the City of Springfield, M.A. as a police officer. I've been a police officer for approx. 9 ½ years and have been assigned to the Narcotics Bureau since July of 2002. In addition to my Municipal Police Academy training and the annual in-service training, which I attend, I have completed approx. 180 hours of specialized training involving narcotics investigations including an 80- hour course and a 40- hour course sponsored by the Drug Enforcement Administration and the Narcotics Enforcement Officers Association. The remainder of my training I have received through a variety of other law enforcement agency training programs. Throughout my career, I have participated in the arrest of hundreds of narcotics offenders, the majority of which have resulted in convictions in the Springfield District Court and the Hampden County Superior Court. The investigations, which led to these arrests, utilized investigative techniques such as undercover purchases by police officers, executions of search warrants, so called buy-bust operations and street level drug interdiction. During this training and experience, I have observed numerous types of controlled substances and am familiar with paraphernalia associated with these substances. I am also familiar with the ways in which these controlled substances are commonly packaged and with the price charged for controlled substances and with the jargon associated with their sale and use. I've applied for and have been issued in excess of 10 District Court search warrants in the past. Based on my training and experience, I wish to make the following application.

  **During the week of July 25, 2004**, I spoke to MSP, Lt. J. Gibbons about a confidential and reliable informant of his who had information concerning the sale of narcotics from 86 Alden St. by a subject known to him/her as "Grimey." The CRI being used has provided information to Lt. Gibbons in the past that resulted in the issuance of a M.A. state wiretap, issuance of multiple search warrants and the subsequent arrest of 11 subjects and the seizure of narcotics. The majority of these subjects were all linked as a group based on the information gathered during the wiretap. Three of the subjects arrested have been convicted in Springfield District Court. The remaining subjects cases are still pending in Springfield District Court and Hamden County Superior Court. The identity of the CRI must remain anonymous to help ensure his/her safety, as well his/her continued usefulness as a police informant and from hereinafter will be referred to as CRI.

  Lt. Gibbons stated that his CRI informed him that "Grimey" was approx. 5'9" to 5'10", approx. 210 lbs and that "Grimey" is a known Eastern Ave. gang member. Lt. Gibbons further stated that his CRI told him that "Grimies" first name was Keon. During the conversation, I informed Lt. Gibbons that I knew of a black male who's street name was "Grimey" and that his actual name was Keon Gladden, dob:05/19/80. I informed Lt. Gibbons that I had dealt with Gladden on several occasions over the past three years while working in community policing and the narcotics bureau. I also informed Lt. Gibbons that Gladden has been arrested in the past by uniform officers and the Narcotics Bureau for narcotics offenses.

  I then met with Lt. Gibbons and CRI to further discuss this investigation. During the meeting, I showed CRI an SPD generated photo of Keon Gladden, dob: 05/19/80 and CRI positively identified Gladden as "Grimey" and as the same subject that has sold him crack cocaine on several occasions from 86 Alden St. over the past month. CRI then informed Lt. Gibbons and I that "Grimey" usually has

---

**Printed name of affiant**                                                         20

**Signed under the penalties of perjury**          Sworn and subscribed to before

---

**Signature of affiant**                           Justice, Clerk-magistrate

1

# AFFIDAVIT
## In support of application for search warrant
## Trial Court of Massachusetts

12:35 PM                                                                08/04/04

approx. ½ ounce to an ounce of crack cocaine for sale at 86 Alden St. CRI informed me that a subject known to him/her as "Ron Nice" resides at the address with his mother. CRI states that "Ron Nice" is on probation and wears an ankle-monitoring device to tract his whereabouts. CRI states that "Ron Nice" is completely aware that Gladden is selling narcotics inside the address and sometimes assists in the sales. I then informed Lt. Gibbons that I knew a black male with a street name of "Ron Nice" and that his actual name was Ronald Charles, dob: 11/23/77. I also informed Lt. Gibbons that R. Charles was a known associate of K. Gladden and also a known Eastern Ave. gang member. I then showed CRI a SPD generated photo and he/she positively identified Ronald Charles as the subject known to him as "Ron Nice" who lives at 86 Alden St.

**During the aforementioned week,** Lt. Gibbons and I asked CRI to make a controlled purchase from 86 Alden St. and he/she agreed. CRI person was searched by Lt. Gibbons for currency and/or contraband with negative results. CRI was then provided with an amount of MSP prerecorded buy money and brought to the area of 86 Alden St. I then initiated a surveillance of 86 Alden St. from an area that allowed me a clear and unobstructed view of the home. Lt. Gibbons then directed CRI to proceed to 86 Alden St. and attempt to purchase narcotics. CRI proceeded to the area and met with Gladden and Charles who were standing on the front porch of the address. CRI and Gladden then had a brief conversation and entered the address and remained inside for a brief period of time. CRI then exited the front door with Gladden and then left the area. Gladden remained on the front porch and continued talking with Charles. CRI then proceeded directly to a prearranged location and turned over an item consistent with crack cocaine to Lt. Gibbons, tag # 256472.

CRI informed Lt. Gibbons and I that he/she met with Gladden on the front porch of 86 Alden St. and asked Gladden for an amount of cocaine. CRI states Gladden told him/her to come inside with him and that he would sell CRI the amount of cocaine he/she had requested. CRI states he/she and Gladden then entered the address and Gladden walked towards the bathroom area of the home out of his sight. CRI states Gladden returned a short time later and handed him/her an amount of crack cocaine in exchange for an amount of MSP prerecorded buy money. CRI states Charles witnessed the narcotics transaction. CRI states he/she and Gladden then exited the front door and he/she left the area and Gladden remained on the front porch.

**Within the past 24 hours,** Lt. Gibbons and I asked CRI to make a controlled purchase from 86 Alden St. and he/she agreed. CRI was searched for currency and/or contraband with negative results. CRI was then provided with an amount of MSP prerecorded by money and brought to the area of 86 Alden St. I then set up a surveillance of 86 Alden St. from a location that allowed me a clear and unobstructed view of the address. Lt. Gibbons then directed CRI to proceed to 86 Alden St. and attempt to purchase narcotics. CRI then proceeded to the address and met with Gladden and Charles and had a brief conversation with both subjects. Gladden, Charles and the CRI then entered the address and remained inside for a brief period of time. A short time later, CRI exited the address and proceeded directly to a prearranged location and turned over an off white item consistent with crack cocaine., tag # 256529.

21

_____
**Printed name of affiant**

**Signed under the penalties of perjury**                **Sworn and subscribed to before**

_____                          _____
**Signature of affiant**                                 **Justice, Clerk-magistrate**

# AFFIDAVIT
## In support of application for search warrant
## Trial Court of Massachusetts

12:35 PM                                                                08/04/04

    CRI then stated to Lt. Gibbons and I that once he/she entered the address Gladden walked into another room out of his/her view for a short period of time. Gladden then returned and met with CRI and handed him/her an amount of crack cocaine in exchange for an amount of MSP prerecorded buy money. CRI states he/she then left the area and proceeded to the prearranged location. CRI states that Charles was present during the narcotics transaction.

    Based on the aforementioned information, I feel that there is probable cause to believe that crack cocaine, a Class "B" substance as defined in MGL Chap. 94C, is being illegally kept for sale at 86 Alden St. in the City of Springfield, M.A. 86 Alden St., is described as a 2 ½ story, wood framed structure. The address is light yellow and white with a brown wooden porch in front. The number 86 is clearly marked on the front of the home near the door.

    With this in mind I ask for a warrant to search for and confiscate any crack cocaine being held in violation of MGL Chap. 94C as well as any and all paraphernalia, scales, packaging material, or other devices used for the manufacture and/or distribution of said controlled substances. Also any monies as evidenced by cash, bankbooks, safety deposit keys, or any other record depicting proceeds realized from the illegal manufacture and/or distribution of illicit narcotics, as well as any records or notations containing reference to the manufacture and/or sale of controlled substances. Also, any records depicting control and/or occupancy of 86 Alden St. in the City of Springfield.

    It has been this officers experience that narcotics may be hidden inside walls, appliances, clothing, moldings, furniture, secret compartments, etc. For these reasons, I request to search anywhere inside this address where narcotics may be hidden.

    Due to the fact that customers enter the apartment to purchase cocaine, and the fact that cocaine can be easily concealed or consumed by a human being, I respectfully request to search all persons present at the time the warrant is served.

    This warrant is for 86 Alden St. in the City of Springfield, M.A.

    Due to my assigned hours of duty, 4:pm to 12:00 am, I respectfully request permission to execute this warrant during the nighttime hours if necessary.

22

_____
**Printed name of affiant**

**Signed under the penalties of perjury**          **Sworn and subscribed to before**

_____                          _____
**Signature of affiant**                            **Justice, Clerk-magistrate**

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

TRIAL COURT OF MASSACHUSETTS
DISTRICT _____ COURT DEPARTMENT
SPRINGFIELD
_____ DIVISION
SEARCH WARRANT DOCKET NUMBER

**TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:**

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

- [ ] has been stolen, embezzled, or obtained by false pretenses.
- [x] is intended for use or has been used as the means of committing a crime.
- [x] has been concealed to prevent a crime from being discovered.
- [x] is unlawfully possessed or concealed for an unlawful purpose.
- [x] is evidence of a crime or is evidence of criminal activity.
- [ ] other (specify) _____

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:
Cocaine, a class "B" substance as defined in Massachusetts General Laws (Chapter 94C) together with all paraphernalia used in packaging, distribution or use of same. Also, all monies as evident by cash, bankbooks, safety deposit keys or other instrument showing the deposit of funds in a commercial banking institution. Also, all personal papers showing the true identity of the occupants and/or any other drug related materials. We also wish to search furniture, appliances, wall panels, food containers or other places where the above items may be hidden.

[xx] at:

86 Alden St. in the City of Springfield, MA. 86 Alden St. is described as a 2 1/2 story wood framed structure. The address is light yellow and white with a brown wooden porch in front. The number 86 is clearly marked on the front of the home near the door.

which is occupied by and/or in the possession of: Keon W. Gladden dob: 5/19/80, ssn# 026608038
AKA "Grimey"

[xx] on the person or in the possession of:

same as above                                                                 18

You [x] are [ ] are not  also authorized to conduct the search at any time during the night.

You [ ] are [x] are not  also authorized to enter the premises without announcement.

You [x] are [ ] are not  also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the SPRINGFIELD Division of the SPRINGFIELD Court Department.

DATE ISSUED
AUGUST 03, 2004
FIRST OR ADMINISTRATIVE JUSTICE
WITNESS: Robert J. Kenney

SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK
X Barbara J. Burke
PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK
Barbara J. Burke

# RETURN OF OFFICER SERVING SEARCH WARRANT

A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.

This search warrant was issued on __August 03, 2004__, 19_____, and I have executed it as follows:
DATE

The following is an inventory of the property taken pursuant to this search warrant:

1. 2 pieces of crack cocaine
2. packaging material
3. scale
4. $82.00/ US currency
5. Personal papers
6. Ammunition, 8, 9mm rounds, 19, 44 mag rounds, 13, rounds of 38 caliber, 30, rounds of 38 special.
7.
8. 2 bags of marijuana, 2 marijuana joints, 2 chunks of marijuana
9. Glass cup, hot plate, cooking pot
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.

(attach additional pages as necessary)

This inventory was made in the presence of: _Sgt. Olson_

19

I swear that this inventory is a true and detailed account of all the property taken by me on this search warrant.

| SIGNATURE OF PERSON MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
|---|---|---|
| X [signature] | 08/04/04, 1800 hrs. | X [signature] Signature of Justice, Clerk-Magistrate or Assistant Clerk |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | DATE SWORN AND SUBSCRIBED TO |
| John F. Wadlegger Jr. | Police Officer | August 9, 2004 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-30008-MAP |
| ) | |
| RONALD CHARLES, ) | |

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

NOW comes Patricia Charles, and says:

1. My name is Patricia Charles, and I have personal knowledge of the facts contained herein;

2. On August 4, 2004, I was living at 86 Alden Street in Springfield, Massachusetts;

3. At or about 6:00 p.m. I was coming out of my bedroom when I encountered law enforcement officials in my home. At that time a police officer told me to get on the floor, told me that they were there to get someone and that they would soon be out of my home, and that everything would be OK. At no time did I give law enforcement officials permission to enter my home;

4. At no time did the law enforcement officials knock at the door or announce their presence before entering my home. From my bedroom on the first floor, and in close proximity to the front door, I would have been able to hear a knock and hear an announcement at my front door, if there had been one.

SIGNED UNDER THE PENATIES OF PERJURY THIS 7TH DAY OF OCTOBER, 2005.

_____
PATRICIA CHARLES

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                                                October 7, 2005

On this 7th day of October, 2005, before me, the undersigned notary public, personally appeared Patricia Charles, proved to me through satisfactory evidence of identification, which were **Mass EBT Card** to be the person whose name is signed on the attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

*Elizabeth V. Falcetti*
ELIZABETH V. FALCETTI
Notary Public
My Commission Expires: 5/12/06



ELIZABETH V. FALCETTI
Notary Public
Commonwealth of Massachusetts
My Commission Expires: 05/12/06



Springfield Police Department
Arrest Report

Page: 1
11/23/2004

Arrest #: 04-4481-AR
Call #: 69738

Date/Time Reported: 08/04/2004 @ 1800
Arrest Date/Time: 08/04/2004 @ 1800
Booking Date/Time: 08/04/2004 @ 2051
OBTN: TSPR200404481
Additional Cases: 04-4483-AR
04-4482-AR
Court: Springfield
Court Date: 10/05/2004 @ 0900
Reporting Officer: OFFICER DENNIS HACKETT JR.
Assisting Officer: OFFICER JOHN WADLEGGER
Booking Officer: SERGEANT ROBERT STRZEMPEK
Approving Officer: CAPTAIN WILLIAM COCHRANE
Signature: _____

Bail For Court: Springfield  Set: 08/05/2004 @ 0000  CA - Not on file 1000.00
Cash Bail Set
Bail Set By: JS CLERK JAY STOCKS
Prosecutor: Dolan, Charles
Bail Unpaid:

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | CHARLES, RONALD A<br>86 ALDEN ST<br>SPRINGFIELD MA 01109 | M | B | 26 | 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 | 413-739-9517 |

HEIGHT: 600    WEIGHT: 170       HAIR: BLACK    EYES: BROWN
BODY: MEDIUM                 COMPLEXION: LIGHT BROWN
DOB: 11/23/1977          PLACE OF BIRTH: SPRINGFIELD, MA.
STATE ID: MA10025989              FBI ID: 535 676 XA3
LICENSE NUMBER: NOT AVAIL.       ETHNICITY: NOT HISPANIC

_____[APPEARANCE]_____

GENERAL APPEARANCE: MUSSED
SHIRT: T-SHIRT
PANTS/SKIRT: JEANS-COLOR
GLASSES WORN: NO

MARKS: DISC U LIP(CROOKED TOP FRONT TEETH)

| ALIAS LAST NAME | FIRST NAME | MIDDLE NAME | SSN | DOB |
|---|---|---|---|---|
| JONES | RONALD | | NOT AVAIL | 11/23/1977 |
| CHARLES | DEON | | NOT AVAIL | 10/06/1978 |
| INGRAM | RONALD | | NOT AVAIL | 11/23/1977 |
| CHARLES | AUSTIN | | NOT AVAIL | 11/23/1977 |
| CHARLES | DARREN | | NOT AVAIL | 11/23/1977 |

_____[FAMILY/EMPLOYMENT INFORMATION]_____

MARITAL STATUS: SINGLE
FATHER'S NAME: CHARLES, PAUL
MOTHER'S NAME: INGRAM, PATRICIA

OCCUPATION: UNEMPLOYED

01

Springfield Police Department
Arrest Report

Page: 2
11/23/2004

Arrest #: 04-4481-AR
Call #: 69738

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|

_____[RIGHTS/BOOKING CHECKS]_____

```
              PHONE USED: N      PHONED DATE/TIME: 08/04/2004 & 2053
        ARRESTEE SECURED: Y  08/04/2004   2054
         ARRESTEE CELL #: M29

            FINGERPRINTED: N
             PHOTOGRAPHED: Y
            SUICIDE CHECK: Performed
                  PERSONS: State&Federal
      NCIC VEHICLE CHECK: Not Performed
         INJURY OR ILLNESS: N
```

| # | OFFENSE(S) | | A/C | STATE LAW | |
|---|---|---|---|---|---|

LOCATION TYPE: Residence/Home/Apt./Condo    Zone: Sector F2 Old&Upper Hill
INSIDE
86 ALDEN ST
SPRINGFIELD MA

1  DRUG, POSSESS TO DISTRIB CLASS B                    C    94C        32A
          OCCURRED: 08/04/2004    1800
     CRIMINAL ACTIVITY: Possessing/Concealing

2  DRUG, POSSESS CLASS D                               C    94C        34
          OCCURRED: 08/04/2004    1800
     CRIMINAL ACTIVITY: Possessing/Concealing

3  DRUG VIOLATION NEAR SCHOOL/PARK                     C    94C        32J
          OCCURRED: 08/04/2004    1800
     CRIMINAL ACTIVITY: Possessing/Concealing

4  RESIST ARREST                                       C    268        32B - SIMPLE AS
          OCCURRED: 08/04/2004    1800

5  POSSESSION AMMO W/O ID (MACE + AMMO)                C    140        129C
          OCCURRED: 08/04/2004    1800

| # | DRUG(S) | PROPERTY # | STATUS |
|---|---|---|---|

1  CRACK COCAINE                                              Seized (Not Previously Stolen)
                                                                    DATE: 08/04/2004
     QUANTITY: 1.000 (Dosage of Units/Items)    VALUE: $0.00
        OWNER: CHARLES, RONALD AUSTIN

2  MARIJUANA                                                  Seized (Not Previously Stolen)
                                                                    DATE: 08/04/2004
     QUANTITY: 1.000 (Dosage of Units/Items)    VALUE: $0.00
        OWNER: CHARLES, RONALD AUSTIN

02

Arrest #: 04-4481-AR
Call #: 69738

| # | OTHER PROPERTIES | PROPERTY # | STATUS |
|---|---|---|---|
| 1 | SCALE, PACK MAT, PERS. PAPS<br>QUANTITY: 0   VALUE: $0.00<br>SERIAL #: NOT AVAIL<br>DATE: 08/04/2004<br>OWNER: CHARLES, RONALD AUSTIN | | Seized (Not Previously Stolen) |
| 2 | 8-9MM/ 43-.38CAL/ 19-.44CAL ROUNDS<br>QUANTITY: 70   VALUE: $0.00<br>SERIAL #: NOT AVAIL<br>DATE: 08/04/2004<br>OWNER: CHARLES, RONALD AUSTIN | | Seized (Not Previously Stolen) |
| 3 | 44.00 US CURRENCY<br>QUANTITY: 0   VALUE: $40.00<br>SERIAL #: NOT AVAIL<br>DATE: 08/04/2004<br>OWNER: CHARLES, RONALD AUSTIN | | Seized (Not Previously Stolen) |

Ref: 04-4481-AR

Ma'am,

On August 04, 2004, at approx. 1800 hours, Captain W. Cochrane, Lt. C. Cook, MSP, Lt. J. Gibbons and a team of Springfield Police Narcotics Detectives arrested the following subjects at 86 Alden St.

Ronald Charles of 86 Alden St., Spfld, MA., dob: 11/23/77, ssn# 023/588/664 for:
1. Possession of cocaine w/i to distribute
2. Violation of a drug free school zone
3. Possession of marijuana
4. Possession of ammunition without an FID card

Keon Gladden of 55 Colonial Ave., Spfld, MA., dob: 05/19/80, ssn# 026/608/038 for:
1. Possession of cocaine w/i to distribute
2. Violation of a drug free school zone
3. Possession of marijuana                                  04
4. Possession of ammunition without an FID card

Sharrieff A. McGee of 130 Eastern Ave., Spfld, MA., dob: 04/08/77, ssn# 023/562/664 for:
Possession of marijuana

For the past few weeks, MSP, Lt. J. Gibbons, SPD Narcotics Detectives and I have been investigating the illegal sale of crack cocaine from 86 Alden St. I initiated this investigation after receiving information from MSP, Lt. Gibbons concerning the address. Lt. Gibbons informed me that he had a confidential and reliable informant who informed him that a black male known to him/her as "Grimey" who sells crack cocaine from 86 Alden St. The confidential and reliable informant being used in this case is proven reliable and from hereinafter will be referred to as CRI, (see affidavit for CRI details). The CRI also informed Lt. Gibbons that a black male subject known to him/her as "Ron Nice" resides at the address and assists "Grimey" in his narcotics sales. During the investigation, I positively identified "Grimey" as Keon Gladden, dob:05/19/80 and "Ron Nice" as Ronald Charles, dob: 11/23/77. After identifying both subjects, Lt. Gibbons and I conducted a number of controlled buys from K. Gladden from inside the address. During the controlled sales, R. Charles was present inside the address. Based on the information gathered and the controlled buys, I applied for and issued a District Court search warrant on August 03, 2004, for 86 Alden St. listing K. Gladden as the target of the investigation.

On August 04, 2004, at about 1745 hours, Capt. Cochrane, Lt. Cook, Lt. Gibbons, and a team of Narcotics Detectives and I proceeded to a staging area and prepared to execute the warrant. Before the execution of the warrant, Lt. Cook directed Det. Bruno to proceed to the area of 86 Alden St. to initiate a surveillance of the address to determine if Gladden was present. Upon his arrival, Det. Bruno observed Gladden and Charles and several other black females and a small child sitting on the front porch of the address. Det. Bruno then observed Charles stand up and enter the front door of the address and remain inside.

At this time, Capt. Cocrhane, Lt Cook and a team of Narcotics Detectives proceeded to the address to execute the search warrant. Upon our arrival, Detectives observed Gladden, a black male later identified as S. McGee, four black females and a young child sitting on the front porch. Officers exited their vehicles at which time Gladden, McGee and the other females became aware of police presence and began yelling, "Po, Po", (term for police) announcing our police presence. Dets. Bigda, Nehmer and Grande then ran up the stairs onto the porch and secured all six subjects on the porch. Simultaneously, a team of Detectives announced our police presence and purpose without response from within the address and then entered through the open front door. Once inside Detectives located a black female sitting on a couch in the living room. Det. Casillas secured her and later identified her as Ronald Charles mother, Patricia Charles, dob: 10/06/56. Lt. Cook, Dets. Patruno,

Dowd and Kent then ascended the stairs to the second floor and attempted to locate R. Charles inside the address. During the search, Det. Patruno attempted to push open a door at which time someone attempted to push the door from the other side. Lt. Cook and Det. Patruno then forced their way into the bathroom and observed Charles standing just inside the bathroom near the toilet. Lt. Cook and Det. Patruno then grabbed onto Charles and attempted to place him into custody. Charles refused to place his hands behind his back and attempted to placed one of his hands into his pants pocket. Lt. Cook, Dets. Dowd and Patruno then grabbed onto Charles arms and attempted to place his arms behind his back at which time all three fell into a bathtub located in the bathroom. A short time later, Charles was placed into custody by Lt. Cook, Dets. Patruno, Dowd and Kent after a brief struggle.

After placing Charles in custody, Dets. Kent and Patruno noticed a hot plate which was still hot to the touch sitting on top of a dresser located inside the bathroom. They also noticed a black pan containing hot water sitting on top of the hot plate and a small glass cup containing an off white substance consistent with freshly cooked crack cocaine. This cooking method is commonly used by narcotics dealers to change powder cocaine into crack cocaine.

After securing all the occupants inside the address, Lt. Cook showed the target and the other subjects present on scene a copy of the search warrant.

The females located on the front porch and inside the address were positively identified and checked for warrants and released on scene. The young child later identified as Sauna Charles was released on scene to Lisa Moore who was later identified as the childs mother.

05

An organized search of 86 Alden St. was then conducted with the following results.

Recovered by Det. Kent inside second floor bathroom, hot plate, cooking pot, glass cup, packaging material, tag# 256543.

Recovered by Det. Hackett inside rear bedroom, scale, packaging material, tag# 256543.

Recovered by Det. Patruno inside second floor bathroom, 30 ounce weight used to calibrate a scale, tag # 256543.

Recovered by Det. Dowd inside second floor rear bedrooom, packaging material, tag # 256543.

Recovered by Det. Hackett inside kitchen cabinet, social security card bearing R. Charles name and ssn, tag # 256543.

Recovered by Det. Bigda inside first floor bedroom, personal papers bearing R. Charles name, tag #256543. ✓

Recovered by Det. Kent and Patruno inside second floor bathroom, glass cup containing crack cocaine, tag # 256541.

Recovered by Det. Wadlegger inside R. Charles right pants pocket, chunk of crack cocaine wrapped in a clear ✓ plastic bag, tag # 256541.

Recovered by Det. Standen in Gladdens left front pants pocket, $78.00, tag # 256550.

Recovered by Det. Wadlegger in Charles front right pants pocket, $44.00, tag # 256540.

Recovered by Det. Standen in McGee's right front pocket, single clear bag containing green leafy like substance, tag # 256551.

Recovered by Det. Bigda in Gladdens front pants pocket, clear bag containing a green leafy like substance, tag # 256551.

Recovered by Det. Kent inside first floor bedroom, 2 marijuana joints and several chunks of a green leafy like substance, tag # 256551.

Recovered inside second floor rear bedroom bureau, 8 rounds of 9MM ammunition recovered by Det. Hackett, 19 rounds of 44 Mag, caliber ammunition, 13 rounds of 38 caliber ammunition, 30 rounds of 38 special ammunition, recovered by Det. Petrie, all ammunition tagged under tag # 256537.

The arrest of Gladden and Charles appears to be well within 1000 feet of the Bridge Academy school located at the intersection of Alden St. and Eastern Ave.

Capt. W. Cochrane notified.

Respectfully Submitted,
Det. John F. Wadlegger

06