UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 05-30008-MAP
)
RONALD CHARLES )
      Defendant )

FILED
IN CLERK'S OFFICE

2005 OCT -7 P 3 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT TO SUPPRESS

INTRODUCTION

On August 4, 2004 law enforcement agents executed a search warrant dated August 3, 2004 issued by the Springfield District Court authorizing them to search the premises at 86 Alden Street, Springfield, Massachusetts. It was alleged in the affidavit that evidence of a Class B substance, crack cocaine specifically, was to be at that location. The search was conducted and evidence was seized. By way of this Motion to Suppress, Defendant Ronald Charles has asserted that the search and seizure of evidence from his home was illegal and unreasonable and violated rights secured to him by the United States Constitution.

STANDING

The defendant has standing to object to the search conducted at his residence at 86 Alden Street, Springfield, MA. It is well established that a defendant may assert a reasonable expectation of privacy in his or her home, even if shared with others, in this case his mother. United States v. Mancini, 8 Fed. 3rd 104 (1st Cir. 1993), citing Mancusi v. DeForte, 392 U.S. 364 (1968).

Defendant Charles asserts he had a reasonable expectation of privacy in his

1

home located at 86 Alden Street, Springfield, MA. and that he therefore has standing to object to the legality of the searches and seizures conducted therein.

## FACTS

On August 4, 2004, law enforcement officers from the Springfield Police Department arrested the defendant, Ronald Charles, along with Keon Gladden. Two weeks earlier, the government used a cooperating individual (CI) in an effort to purchase crack cocaine from Keon Gladden. During the course of the two week investigation, the CI attempted and purchased on two occasions items from Mr. Gladden. Prior to the issuance of the search warrant neither laboratory analysis nor field tests had been formed on the items purchased from Mr. Gladden indicating whether they were illegal narcotics or not.

On or about August 3, 2004, law enforcement officers presented to the Springfield District Court an application for a search warrant at 86 Alden Street, together with an affidavit of police officer John Wadlegger, outlining the CI's involvement in two controlled buys, but absent any evidence that the items purchased in the controlled buys tested positive for illegal drugs. Based on the affidavit and application submitted, the Clerk Magistrate for the Springfield District Court issued a search warrant for 86 Alden Street in Springfield on August 3, 2004.

## ARGUMENT

I.   OFFICER WADLEGGER'S AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT AT 86 ALDEN STREET DID NOT ESTABLISH PROBABLE CAUSE TO BELIEVE THAT THE ITEMS SOUGHT WERE CONNECTED TO ANY CRIMINAL ACTIVITY

2

The application for a search warrant and any affidavit in support thereof must establish more than bare suspicion that any offense has been or is being committed. Brinegar v. United States, 338 U.S. 160, 175 (1949); U.S. v. Khounsavanh, 113 F. 3d 279, 283 (1st Cir. 1997) and United States v. Schaefer, 87 F.3d 562, 565 (1st Cir. 1996). There must be demonstrated probable cause before a search warrant may issue. As part of the probable cause doctrine what is required is that the evidence of the crime can be found at the described locus at the time of the search. United States v. Aguirre,, 839 F.2d. 854 (1st Cir. 1987).

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . ." This requires the judicial officer contemplating the issuance of a warrant to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983); United States v. Keene, 341 F.3d 78, 81 (1st Cir. 2003). An affiant's "unsupported conclusions are not entitled to any weight in the probable cause determination." United States v. Vigeant, 176 F.3d 565, 571 (1st Cir. 1999).

In addition to general probable cause requirements, search warrants require two additional requirements that it be supported by substantial evidence that the items sought are in fact seizable by virtue of being connected to criminal activity and that the items will be found in the place to be searched. United States v. Diaz, 841 F.2d. 1, 3 (1st Cir. 1988).

The affidavit of Officer Wadlegger submitted in this case did not adequately

establish probable cause for issuance of the warrant. Officer Wadlegger averred that the CI in this case had provided them two items allegedly purchased at 86 Alden Street. The affidavit never mentions whether these items were either "field tested" or analyzed for illegal drugs. Conspicuously missing from the Affidavit and the detailed description of the events regarding the controlled buys by the CI is a positive field test or analysis on the alleged crack cocaine provided to the CI.

The facts recited by Officer Wadlegger in his affidavit, outside of the two controlled buys where the purchase of illegal substances could not be confirmed in light of the failure to perform field tests or drug analysis on the items, does not include sufficient corroborating evidence. There is no mention of corroborative observations of the law enforcement agents and outside of Wadlegger's two years experience in the field of narcotics investigation, the affidavit did not provide ample probable cause to search the home for the listed items, nor did the affidavit establish "a fair probability" that such evidence would be found in the place described

II.  THE ENTRY INTO 86 ALDEN STREET WAS INVALID BECAUSE OF THE FORCEFUL NATURE AND FAILURE TO KNOCK AND ANNOUNCE BEFORE THE ENTRY.

The entry into the premises at 86 Alden Street in Springfield violated "the knock and announce" statute. The defendant contends that even if the warrant was justified by probable cause, it was invalidated by the law enforcement agent's failure to comply with the "knock and announce statute", 18 USC. §3109, and accordingly, the law enforcement officers manner of entry was unlawful.

Section 3109 provides:

4

> "the officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

The Supreme Court has held that any unannounced intrusion into a dwelling, including passage through a closed, but unlocked door, violates the statute. Sabbath v. U.S., 391 U.S. 585, 590, 88 S.Ct. 1755, 1758, (1968).

Noncompliance with the rule is only excused where exigent circumstances, such as a reasonable belief in the risk of flight or destruction of evidence, militate against its application. Ker v. California, 374 U.S. 23, 40-41, 83 S.Ct. 1623, 1633-1634 (1963).

Although courts have generally excused compliance with § 3109 when specific evidence existed as to exigent circumstances, noncompliance with § 3109 is not proper were law enforcement officers know nothing more than that narcotics are present on the premises to be entered. U.S. v. Hildalgo, 747 F.Sup. 818, (D.Mass. 1990).

According to Springfield Police Department report in regards to the execution of the search warrant at 86 Alden Street on August 4, 2004, the narrative report of Officer John Wadlegger indicates that a team of detectives announced police presence and purpose without response from within the address and then entered through the opened front doors. (See attached Police Report of Officer John Wadlegger).

According to the police report, once inside, the detectives located a black female sitting on a couch in the living room, later identified as Patricia Charles, the defendant's mother. When reviewing the police report it is important to look at what the police report fails to mention. There is no mention of the time they waited after allegedly knocking

and announcing before entering 86 Alden Street. The defendant contends that no knock or announcement of police presence and purpose was made, (see affidavit of Patricia Charles attached), and even if the court finds the police did knock and announce, no time or very little time elapsed before entering, as evidence by the police's own report, in which they state Mrs. Charles was seated on the couch when they entered, indicative that she had no time to react to the announcement and she was still seated when the police entered the house. Finding Ms. Charles still seated on the couch would be more consistent with police entry into a home without announcing themselves or after announcing themselves and not waiting the requisite time period in order for someone to open the door.

The First Circuit has addressed the issue on how long law enforcement officials should wait after their announcement and before their forced entry. United States v. DeLutis, 722 F.2d 902, 909 (1st Cir. 1983), in a drug trafficking case, the court upheld a forcible entry of defendant's house where the officers waited only 20 seconds between knocking and announcing their purpose and breaking open the door. The Court stated "generally a wait of 20 seconds is deemed adequate before officers may force entry." Id at 909.

Without making any reference to the particular exigencies of drug investigations, the court concluded, "[G]enerally, a wait of 20 seconds is deemed adequate before the officers may force entry." United States v. DeLutis, 722 F.2d 902, 909 (1st Cir. 1983). Noncompliance with the rule is excused where exigent circumstances, such as a reasonable belief in the risk of flight or destruction of evidence, militate against its application. Ker v. California, 374 U.S. 23, 40-41, 83 S. Ct. 1623, 1633-34 (1963).

6

Courts have generally excused compliance with § 3109 when specific evidence existed that a suspect was aware of the presence of police and was engaged in flight or the destruction of evidence. Noncompliance with § 3109 is not proper where the law enforcement officers know nothing more than that narcotics are present on the premises to be entered.

The court should reject a blanket approach in narcotics cases that the nature of the evidence itself, without more, allows unannounced entry. The mere fact that drugs fall into a general category of materials that are by their nature capable of destruction does not justify unannounced entry to execute a search warrant.

Without further particular information such as the quantity of drugs expected to be discovered and that this amount is readily destroyed if announcement is made, or the preparations that have been made to facilitate the destruction of the drugs, or the defendant's destruction of drugs during a previous attempt to search the premises, an allegation that drugs have been sold on the premises is an inadequate reason to believe that the evidence will be destroyed if the police announce their presence prior to the search. United States v. Hidalgo, 747 F. Supp. 818 (D. Maine 1990).

The essence of Fourth Amendment protection against unreasonable searches and seizures is that there must be a specific showing to justify state intrusion into a private dwelling. In this case there was no evidence nor had the CI reported any special fortification in the house which might make entry difficult for any special preparations for the destruction of narcotics. Accordingly, law enforcement official's failure to comply with § 3109 requires preclusion of all evidence obtained as a result of the illegal entry. U.S. v. Miller, 357 U.S. at 314, 78 S.Ct. at 1198.

7

III. **RELIANCE ON THE WARRANT ON THE PART OF THE LAW ENFORCEMENT OFFICERS WAS UNREASONABLE.**

It can not be asserted that the law enforcement officers who were leading this investigation, and who had planned this search, could have harbored an objectively reasonable belief in the existence of probable cause having reviewed all of the information and having been leading the investigation. They were aware of the lack of field testing or drug analysis evidence in the affidavit. It was the investigating officer, Detective Wadlegger's affidavit that was submitted with the application for the search warrant. Therefore law enforcement officials clearly knew the affidavit in support of the application for search warrant for Alden Street did not set forth any information that the items purchased in the controlled buy were tested positive for a class b substance.

## CONCLUSION

The Defendant asserts for the reasons set forth above that the search and seizure at 86 Alden Street in Springfield was illegal and that the evidence and fruits thereof seized pursuant to the search should be suppressed from use as evidence at the trial of the above captioned indictment.

Respectfully submitted,
THE DEFENDANT
By His Attorney

Dated: 10/7/05

BERNARD T. O'CONNOR, JR., Esq.
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
(413) 746-2707-fax
BBO# 557872