UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 05-CR-30008-MAP |
| | ) |
| RONALD A. CHARLES | ) |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO SUPPRESS
(Docket No. 21)

December 12, 2005

PONSOR, D.J.

Defendant is charged with one count of manufacture, distribution, and possession with intent to manufacture and distribute, cocaine base. The charge arises from a search that occurred on August 4, 2004 at 86 Alden Street in Springfield, Massachusetts. At that time and place, the defendant was apprehended while allegedly cooking crack cocaine in the upstairs bathroom of a home owned by his mother. The defendant's arrest occurred during a search of the premises based on a warrant issued on August 3, 2004.

The defendant has moved to suppress all the evidence obtained as a result of the August 4, 2004 search, based upon the insufficiency of the affidavit in support of the search warrant to establish probable cause and upon the failure of the police officers to knock and announce their presence

before entering the premises, as required by 18 U.S.C. § 3109.

The court heard evidence and argument on the motion on November 17, 2005. At that time, the court rejected the first rationale for suppression, i.e., the insufficiency of the affidavit. The clerk magistrate of the state court issued the warrant based upon sworn information given by a known confidential informant who had made two drug purchases from the premises under the supervision of law enforcement officers, one of them the day before the warrant was issued. The fact that the particular police officer had only worked with this specific confidential informant for a short time, and that the substance identified by the drug seller as crack cocaine was not field tested does not, in any way, undermine the probable cause determination. The simple fact that the confidential informant was given government funds to buy crack cocaine, went to the premises and asked for crack cocaine, was given something that he was told was crack cocaine and returned and gave to the officers a substance which looked exactly like crack cocaine, is more than sufficient to establish probable cause.

On the question of the officers' violation of 18 U.S.C. § 3109, the court heard the evidence of two witnesses, Springfield police officer John F. Wadlegger and the

defendant's mother, Patricia Charles. Based on this testimony, the court finds as follows.

On August 4, 2004, fifteen to twenty police officers went to 86 Alden Street to execute the search warrant issued the day before. As they approached the premises, they observed a number of persons on the open front porch, including two males, several females and some young children. As soon as the officers were sighted, several individuals from this group began shouting, "Po, po!" This is street parlance used to identify the presence of police. The officers entered the porch and secured the individuals there.

Officer Wadlegger approached the front door to the house. It was a warm day and the main door was open. Only the unlocked screen door stood between the officer and the interior of the premises. The top part of the screen door permitted a view down the hallway inside the house. The lower part of the screen door was metal.

All the officers had been shouting "Police! Search Warrant!" from the time they left their vehicles. As Officer Wadlegger stood on the front porch, he again shouted "Police! Search Warrant!" and waited five to ten seconds. Upon receiving no answer from the interior of the house, he opened the unlocked door and entered, followed by a number of other

3

officers. Shortly afterwards, other law enforcement agents discovered the defendant in the upstairs bathroom in the process of cooking crack cocaine.

The testimony of the defendant's mother, who was on the premises at the time of the search, does not in any way undermine these basic findings. Her testimony was that she was in a bedroom on the far side of the livingroom, away from the front door. She testified that she heard a thumping on the front porch but heard no voices. She also conceded in her testimony that statements made by the officers to persons on the porch may not have been audible to her from where she was.

The circumstances of this case raise questions as to whether the requirements of 18 U.S.C. § 3109 are even applicable. The statute appears to apply to situations where an officer makes a decision to "break open an outer or inner door or window of a house . . . ." Here, the presence of individuals on the porch noticing the police and warning persons inside, the fact that the main door to the house was wide open, the fact that the screen door was unlocked, and the fact that the screen door allowed immediate visibility into the interior of the house, all cast doubt on the applicability of the statute's provisions to these circumstances. In any event, assuming that the statute does apply, Officer

4

Wadlegger's warning and five to ten second pause before entering the house was sufficient to satisfy the provisions of the statute under these circumstances.

For the foregoing reasons, defendant's Motion to Suppress is hereby DENIED. Counsel will appear again before this court on December 19, 2005 at 11:00 a.m. for a status conference. At that time, the court will assume that the case will be proceeding to trial on January 30, 2006 as currently scheduled, unless defendant indicates that he wishes to offer a plea. The government has indicated that if the defendant makes such an indication as of December 19, it will not oppose a three-point reduction for acceptance of responsibility.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge