UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-30008-MAP |
| | ) May 4, 2006 |
| RONALD CHARLES, | ) |
| Defendant | ) |

MOTION TO CONTINUE SENTENCING HEARING AND MEMORANDUM OF LAW

Now comes the Defendant, Ronald Charles, through counsel, in the above-entitled matter and respectfully moves, pursuant to Federal Rule Criminal Procedure Rule 32(b), that this Court continue the Sentencing Hearing in this case, scheduled for May 19, 2006, to another date convenient to the Court, after July 29, 2006.

In addition Defendant moves that the Court enlarge the time for the filing of the Defendant's objections to the presentence report, until after a psychological evaluation and report have been submitted to undersigned counsel so that the report submitted may be considered by the defendant when preparing his objections to the presentence report, said objections to be filed not less than three (3) weeks before sentencing date.

By way of background and as further reasons in support of this Motion the Defendant states the following:

1. On January 18, 2006, this Court ordered that a Sentencing Hearing in this case be scheduled for May 19, 2006.

2. During the interim period of time, based on an

1

investigation by the undersigned together with statements made by Mr. Charles, defense counsel filed an ex-parte motion for funds for a psychological evaluation to aid the court in making a sentencing decision.

3. This Court on March 31, 2006 granted Defendant's Motion for Funds to retain a licensed psychologist.

4. After receiving notice from the Court counsel made arrangements to retain Dr. Howard Lester for purposes of evaluation and report.

5. Because of the complexity of the issues involved and the seriousness of the charges and potential penalties additional time is required to prepare for sentencing generally, and specifically to prepare the psychological evaluation.

6. Dr. Lester had previously informed undersigned counsel of his busy schedule. As recently as this week undersigned counsel provided information that may be helpful to Dr. Lester's evaluation and report. Dr. Lester is unavailable until May 10, 2006 to give the undersigned a better idea of when the evaluation and report can be completed, but additional time will be required.

7. In addition, defendant requests he be allowed the use of any findings in Dr. Lester's report when formulating his objections to the presentence report and accordingly asks the Court expand the time in which he may file his objections.

8. The defendant requests a continuance to a date after July 29, 2006 to allow the defendant to properly prepare for sentencing. In addition counsel is scheduled to be on a pre-paid

summer family vacation and will be unavailable from July 8, 2006 through July 29, 2006.

9. The United States Attorney's Office, having been informed of this request, has indicated that they do not object thereto;

10. The United States Probation Office, having been informed of this request, has indicated that they do not object thereto;

11. This is the Defendant's first request for a continuance of the Sentencing Hearing and the Government will not be prejudiced by a short delay.

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE

Courts have inherent power to grant continuances in the furtherance of justice. A motion for a continuance of the sentencing hearing is addressed to the Court's discretion. If the motion to continue is sufficient in all respects, and the application is made not for the purposes of a delay, it is an abuse of discretion to deny the motion. The Court may not refuse a continuance that is properly requested, where the ends of justice clearly require it to be granted.

The district court is accorded broad discretion to grant or deny continuances, and only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay will abuse it. The court may look at prior delays and their reasons, the hardship to the nonmovant, and the good faith of the movant.

Here the request is made in good faith and not for the purpose of unreasonable delay. An evaluation is important for sentencing purposes as this Court determined when on March 31, 2006, it ruled defendant's motion to retain an expert for an evaluation and report should be allowed. In light of the amount of time from the date the motion for funds to retain an expert was allowed to the sentencing date and the time necessary to properly evaluate the defendant and prepare a report, the defendant requests this Court allow the defendant additional time to prepare for sentencing.

The First Circuit has ruled in determining whether there was error in a denial of a continuance, the court grants broad discretion to a trial court to decide a continuance motion and will only find abuse of that discretion with a showing that the court exhibited an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." United States v. Rodriguez-Marrero, 390 F.3d 1, 21-22 (1st Cir. 2004). The First Circuit will look to several factors, including "the delay entailed, the reasons for the request, whether the moving party is at fault, any inconvenience to the court and litigants, and whether the denial of a continuance unfairly would prejudice the moving party." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 63 (1st Cir. 2003).

Here the delay in sentencing is reasonable in light of the seriousness and penalties the defendant is exposed to, the defendant's diligence in preparing his defense prior to the date

4

set for hearing; the defendant's purpose is not intended to unreasonably or purposely delay the sentencing hearing, the likely utility of the continuance if granted in having a thorough presentence investigation completed and denial of this motion to continue would unfairly prejudice the defendant and not allow him to properly prepare and present a sentencing argument.

For the above stated reasons the defendant requests this court allows his Motion to Continue.

                                      RESPECTFULLY SUBMITTED
                                      THE DEFENDANT

5/4/06          By  *[signature]*
                          Bernard T. O'Connor, Jr.
                          O'CONNOR, MARTINELLI CULLINAN & PIKULA
                          1391 Main Street - Suite 1022
                          Springfield, MA 01103
                          (413) 781-5311
                          BBO# 557872

CERTIFICATE OF SERVICE

    I, Attorney Bernard T. O'Connor, Jr., do hereby certify on this 4th day of May, 2006, I made service of the foregoing Motion to Continue by delivering, in hand, a copy of same to AUSA Newhouse, United States Attorney's Office, and Richard Rinaldi, United States Probation Department, at the Federal Building and Courthouse, 1550 Main Street, Springfield, MA.

                                      *[signature]*
                                        BERNARD T. O'CONNOR, JR.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 05-30008-MAP
)
RONALD CHARLES, )
      Defendant )

<u>AFFIDAVIT IN SUPPORT OF MOTION TO CONTINUE SENTENCING HEARING</u>

I, Bernard T. O'Connor, Jr. state as follows:

1. I am the attorney for Ronald Charles in the above entitled matter;

2. I have personal knowledge of the facts contained herein, unless otherwise noted;

3. On January 18, 2006, this Court ordered that a Sentencing Hearing in this case be scheduled for May 19, 2006;

4. On March 31, 2006 this Court granted defendant's ex-parte motion for funds for a psychological evaluation;

5. Upon information and belief, because of the complexity of the issues involved and the seriousness of the charges and potential penalties the defendant faces, additional time is required to properly prepare for sentencing generally, and specifically to prepare the psychological evaluation.

6. Because I am scheduled to be on a pre-paid summer family vacation and will be unavailable from July 8, 2006 through July 29, 2006, I request additional time to a date after July 29, 2006 to properly prepare for sentencing.

7. The United States Attorney's Office, having been informed of this request has indicated that they do not object;

8. The United States Probation Office, having been informed of this request has indicated that they do not object; and

9. This is the Defendant's first request for a continuance of the Sentencing Hearing.

Signed this 3rd day of May, 2006, under the penalty of perjury.

_____
Bernard T. O'Connor, Jr.